**FILED** FEB 23 2018
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | (For Revocation of Probation or Supervised Release) |
| SCOTT JAMES LARSON (01) | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: 11CR5192-AJB |
| | Craig M. Smith FD |
| | Defendant's Attorney |

**REGISTRATION NO.** 28871298

☐ -

THE DEFENDANT:

☒ admitted guilt to violation of allegation(s) No.    Two

☐ was found guilty in violation of allegation(s) No. _____ after denial of guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following allegation(s):

| **Allegation Number** | **Nature of Violation** |
|---|---|
| 2 | nv11, Failure to report change in residence/employment |

Supervised Release is revoked and the defendant is sentenced as provided in page 2 through 6 of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

February 20, 2018
Date of Imposition of Sentence

_(signature)_
HON. Anthony J. Battaglia
UNITED STATES DISTRICT JUDGE

| | | |
|---|---|---|
| DEFENDANT: | SCOTT JAMES LARSON (01) | Judgment - Page **2** of **6** |
| CASE NUMBER: | 11CR5192-AJB | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term
FIVE (5) MONTHS

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ A.M. on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ on or before

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
ONE (1) YEAR with same conditions as previously imposed.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994*:

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (*Check, if applicable.*)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check if applicable.*)

☐ The defendant shall participate in an approved program for domestic violence. (*Check if applicable.*)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit person, property residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

3. Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

4. Provide complete disclosure of personal and business financial records to the probation officer as requested.

5. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of probation officer.

6. Resolve all outstanding warrants within (60) days.

7. Reside in a Residential Reenhy Center (RRC) as directed by the probation officer for a period of up to (120) days.

8. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a bust, partnership, or corporation after the execution of the plea agreement until the fine r restitution is paid in full.

9. Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property Owned directly or indirectly by the defendant, including any interest held or owned under any other name, or entity, including trusts, partnerships and corporations.

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case for Revocations

| DEFENDANT: | SCOTT JAMES LARSON (01) | Judgment - Page **5** of **6** |
|---|---|---|
| CASE NUMBER: | 11CR5192-AJB | |

## RESTITUTION

The defendant shall pay restitution in the amount of   $21,798.00,   unto the United States of America.

Pay restitution in the total amount of $21,798.00, through the Clerk, U.S. District Court, to the following victims in the amounts specified, payable forthwith or through the Inmate Financial Responsibility Program during the period of incarceration, with the payment of any remaining balance to be made following the defendant's release from prison at the rate of at least $250 per month or otherwise agreed upon by the Probation Department. Distribution of restitution to the victims is to be on a pro rata basis.

**VICTIM/ADDRESS RESTITUTION AMOUNT ORDERED**

**Count 1: Wells Fargo Bank $2,211**
1350 Fashion Valley Road
San Diego, CA 92108

**Count 2: Wells Fargo Bank $1,530**
1350 Fashion Valley Road
San Diego, CA 92108

**Count 3: U.S. Bank $3,538**
U.S. Bank Corporate Security
Recovery and Restitution Payments
P.O. Box 650
Milwaukee, WI 53278-0650

**Count 4: U.S. Bank $1,558**
3201 University Avenue San Diego, CA 92104

**Count 5: U.S. Bank $2,552**
U.S. Bank Corporate Security Recovery and Restitution Payments
P.O. Box 650
Milwaukee, WI 53278-0650

**Count 6: U.S. Bank $1,400**
3201 University Avenue
San Diego, CA 92104


**Count 7: U.S. Bank $1,708**
Milwaukee Wholesale Lockbox Clayboum Level Box 650 Interoffice Code
MK-WI-TC 777 East Wisconsin Avenue
Milwaukee, WI 53202


**Count 8: Chase Bank $1,800**
101 Mclellan Drive, Suite 1041
South San Francisco, CA 94080


**Count 9: Chase Bank $810**
255 King Street, Suite D, E, and F
San Francisco, CA 94107.

**Count 10: Chase Bank $810**
5291 Mission Oaks Boulevard
Camarillo, CA 93012.


**Count 11: Chase Bank $2,211**

**Count 12: Chase Bank $1,670**
1000 North Green Valley Parkway, Suite 600
Henderson, NV 89074


**Total Restitution Amount: $21,798.00**